**Barton CRAIG, Plaintiff,**

v.

**Anthony KRZEMINSKI, et al., Defendants.**

**Civ. No. N–88–159 (WWE).**

United States District Court, D. Connecticut.

March 20, 1991.

John Williams and Mark Rademacher, Williams & Wise, New Haven, Conn., for plaintiff.

Michael Koenigsberg, Martin S. Echter, pro hac vice, Deputy Corp. Counsel, City of New Haven, New Haven, Conn., for defendants.

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

EGINTON, District Judge.

Plaintiff, Barton Craig, commenced this action against defendants, New Haven police officer Anthony Krzeminski, police chief William F. Farrell and the City of New Haven pursuant to 42 U.S.C. § 1983, alleging various violations of plaintiff's constitutional rights. In addition, plaintiff claims that defendant Krzeminski acted negligently in investigating the allegations leading to plaintiff's arrest. Defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, claiming that probable cause supported defendant Krzeminski's arrest of plaintiff, that no false report was filed in this case, and that in any event qualified immunity shields defendant Krzeminski and police chief from civil liability. Defendants also argue that there is no dispute of material fact as to whether defendants police chief and City are liable for the alleged misconduct of officer Krzeminski.

For the reason set forth below, defendants' motion for summary judgment will be GRANTED.

## FACTS

This dispute arises out of the alleged unlawful arrest of plaintiff by defendant Krzeminski. On October 7, 1987, Krzeminski responded to a complaint made by Ms.

Donna Ward that her landlord, the plaintiff, was allegedly "harassing" her as she attempted to move out of her apartment. Officer Krzeminski cautioned the plaintiff to stop this conduct or he would be arrested for harassment. Later that same day, defendant Krzeminski returned to the same address to respond to a second complaint by Ms. Ward. She claimed that plaintiff had been shouting obscenities at her and banging on her door. Krzeminski arrested plaintiff for harassment pursuant to Conn. Gen.Stat. § 53a–183.

## DISCUSSION

A court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of demonstrating that no genuine factual issues exist. *United States v. One Tintoretto Painting, Etc.,* 691 F.2d 603, 606 (2d Cir.1982). Once the moving party has met this burden, the party opposing summary judgment must indicate that a genuine dispute of material fact exists. *Id.* Factual allegations stated in the complaint must be construed favorably to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### I. Count One

■ In count one, plaintiff alleges that defendant Krzeminski violated plaintiff's constitutional rights by falsely arresting plaintiff, filing a false report of the incident and acting negligently in investigating the allegations leading to plaintiff's arrest. The initial question is whether defendant Krzeminski had probable cause to arrest plaintiff. Probable cause is established when the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information are sufficient in themselves to warrant an individual of reasonable caution to believe that a crime has been or is being committed. *Brinegar v. U.S.,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949). A police officer may rely on the complaint of a third party to establish probable cause. *McKinney v. George,* 726 F.2d 1183, 1187 (7th Cir.1984).

■ In the instant action, officer Krzeminski claims that he relied on Ms. Ward's two complaints to establish probable cause to arrest plaintiff. Plaintiff does not proffer any facts to dispute this, but instead puts forth conclusory allegations that defendants did not rely only on Ms. Wards's complaint. In addition, plaintiff has not asserted any facts that would show that Krzeminski should have disbelieved the third party complainant. Plaintiff alleges only that Krzeminski arrested plaintiff after plaintiff denied Ms. Ward's allegations, and that such denial should have led Krzeminski to disbelieve Ms. Ward. The plaintiff cites no authority, and the court is aware of none, holding that a police officer with probable cause to arrest an individual is required to weigh the suspect's version of the incident prior to making an arrest. Plaintiff has failed to demonstrate the existence of any genuine issue of material fact as to the issue of probable cause.

■ Plaintiff also contends that his conduct did not constitute harassment as defined by Conn.Gen.Stat. § 53a–183, therefore Krzeminski violated his constitutional rights by charging him with this misdemeanor. However, if probable cause existed to arrest plaintiff for any crime, the arrest is valid. *Washington Mobilization Committee v. Cullinane,* 566 F.2d 107, 123 (D.C.Cir.1977). The record clearly supports a finding of probable cause for an arrest for disorderly conduct. *See* Conn.Gen.Stat. § 53a–182(a). Finally, even if probable cause was lacking for an arrest, the record fails to set forth any facts which controvert Krzeminski's claim that he was acting in good faith. A police officer is entitled to qualified immunity if the officer establishes that it was "objectively reasonable" for him to believe his acts were lawful. *Magnotti v. Kuntz,* 918 F.2d 364, 367 (2d Cir. 1990). The question of qualified immunity is distinct from the question of probable

cause. *Warren v. Dwyer*, 906 F.2d 70, 75 (2d Cir.1990). Evidence that is insufficient to sustain a finding of probable cause may still be adequate to support the conclusion that it was reasonable for an individual to believe he had a good faith basis for his actions. *Magnotti v. Kuntz*, 918 F.2d at 367. Thus, even assuming the absence of probable cause to arrest plaintiff in the instant action, defendant has met his burden of demonstrating that it was objectively reasonable for him to believe there was probable cause to arrest plaintiff based on the information available to him at the time of the arrest.

 Plaintiff also claims that Krzeminski filed a false report of the incident. To sustain a claim of liability based on a false report, the plaintiff must show that the defendant included false information or omitted material information with reckless disregard for the truth. *Olson v. Tyler*, 771 F.2d 277, 281 (7th Cir.1985) Here, the plaintiff has failed to allege facts demonstrating either that Krzeminski included false information in his report or omitted material information with reckless disregard for the truth. Thus, Krzeminski is entitled to summary judgment on this claim.

Finally, because the court finds probable cause for the arrest of plaintiff in this case, plaintiff's claim of negligent investigation leading to the arrest must fail.

*II. Count Two*

In count two plaintiff claims that the failure of defendants Farrell and the City of New Haven to discipline Krzeminski for a 1987 civil rights violation was a direct cause of injuries in this case. Because there is no material factual dispute as to whether Krzeminski violated plaintiff's constitutional rights, plaintiff has no claim against defendants Farrell or the City of New Haven. *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986). Accordingly defendants' motion for summary judgment will be granted as to plaintiff's claim against those defendants.

CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment is GRANTED. The Clerk is directed to dismiss the action and close this case in accordance with this ruling.